UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MICHAEL DADE, ET AL.** | **CIVIL ACTION NO. 12-680** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ROBERT WADELL CLAYTON, III, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a medical malpractice lawsuit brought by Plaintiffs Michael and Carl Dade (collectively, "Plaintiffs") on behalf of their mother, Ms. Melvin Louise Dade ("Ms. Dade"), against Defendants Dr. Johnny Bruce "Duke" McHugh ("Dr. McHugh"), Louisiana Medical Mutual Insurance Company (collectively, "Defendants"), Robert Wadell Clayton III ("Clayton"), and American Casualty Company of Reading, Pennsylvania.[1]

Pending before the Court is Defendants' unopposed Motion for Summary Judgment. [Doc. No. 16]. For the following reasons, Defendants' Motion for Summary Judgment is GRANTED.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On August 26, 2010, Ms. Dade arrived at the Endoscopy Center of West Monroe, Louisiana, for an esophagogastroduodenoscopy ("EGD") to be performed by Dr. McHugh. The attending Certified Registered Nurse Anesthetist ("CRNA"), Clayton, administered sedation to Ms. Dade prior to the EGD, pursuant to Dr. McHugh's instructions. Following the procedure,

---

[1] Clayton and American Casualty Company of Reading, Pennsylvania, are not parties to this motion.

Ms. Dade stopped breathing. After receiving CPR, Ms. Dade was transported to Glenwood Regional Medical Center, where it was determined that prolonged oxygen deprivation had caused her to suffer brain damage. Ms. Dade never regained consciousness prior to her death on December 6, 2010. *See* [Doc. Nos. 1; 16-1].

Ms. Dade's case was submitted to a Medical Review Panel, which rendered its opinion on February 27, 2012, finding that "[t]he evidence presented does not support the conclusion that [Dr. McHugh] . . . failed to meet the applicable standard of care as charged in the complaint." [Op. of Med. Review Panel, Doc. No. 16-6, p. 7].

On March 15, 2012, Plaintiffs filed their Complaint. [Doc. No. 1]. Defendants moved for summary judgment on April 23, 2012. [Doc. No. 16]. On April 30, 2012, counsel for Plaintiffs informed the Court that Plaintiffs would not oppose Defendants' Motion for Summary Judgment. [Doc. No. 18]. To date, Plaintiffs have presented no expert testimony showing that Dr. McHugh breached the applicable standard of care and that his breach caused Ms. Dade's death.

## II.   LAW AND ANALYSIS

### A.   Summary Judgment Standard of Review

A motion for summary judgment cannot be granted simply because there is no opposition. The Court may grant an unopposed motion for summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3). Summary judgment is mandated when the record shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[2] FED. R. CIV. P. 56(a).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, but does not need to negate the elements of the nonmovants' case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether a response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

Plaintiffs failed to file an opposition and statement of contested material facts, and, thus, Defendants' statement of uncontested material facts is deemed admitted for the purposes of the instant motion. Local Rule 56.2.

### B. Liability of Dr. McHugh

In their Complaint, Plaintiffs allege that Dr. McHugh breached the standard of care when he performed the EGD on Ms. Dade. [Doc. No. 1, ¶ 12]. Defendants argue, however, that Plaintiffs cannot prevail at summary judgment because they have not presented expert testimony. [Doc. No. 16-1, pgs. 4-7].

To recover on a claim of medical malpractice under Louisiana law, the plaintiff must

---

[2]The Court notes that the amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the court's analysis. FED. R. CIV. P. 56(a) and advisory committee's note from 2010 (emphasis added).

prove each of the following: (1) the applicable standard of care, (2) that the defendant breached the standard of care, and (3) that the defendant's breach caused the plaintiff's injury. *See* LA. REV. STAT. ANN. § 9:2794.

"Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony." *Samaha v. Rau*, 977 So. 2d 880, 884 (La. 2008). Louisiana jurisprudence has recognized that expert testimony is generally necessary as a matter of law in medical malpractice cases. *Boudreaux v. Mid-Continent Cas. Co.*, 05-2453, p.6 (La. App. 1 Cir. 11/3/06), 950 So.2d 839, 844, *writ denied*, 06-2775 (La. 1/26/07), 948 So.2d 171 (citations omitted). Therefore, when a defendant files a motion for summary judgment and supports its motion with expert opinion evidence, the plaintiff, in most cases, must present opposing expert evidence to avoid summary judgment. *See Boudreaux*, 950 So.2d at 844. The plaintiff, however, need not present expert evidence in the limited cases where a lay person could infer negligence from the defendant's obvious carelessness.[3] *Id*.

"The opinion of the medical review panel may be considered by a court when ruling on a summary judgment motion." *Hubbard v. North Monroe Med. Ctr.*, 42,744, p. 7 (La. App. 2 Cir. 12/12/07), 973 So.2d 847, 850, *writ denied*, 08-0101 (La. 3/7/08), 977 So.2d 907 (citations omitted); *see* LA. REV. STAT. ANN. § 40:1299.47(H) ("Any report of the expert opinion reached by the medical review panel shall be admissible as evidence in any action subsequently brought

---

[3]For example, expert evidence is not necessary when the defendant performed an obviously careless act, such as amputating the wrong appendage; dropping a knife, scalpel, or acid on a patient; leaving a sponge in the patient's body; or failing to attend to a patient when the circumstances demonstrate the serious consequences of this failure. *Pfiffner v. Correa*, 94-0924, 94-0963, 94-0992 (La. 1994), 643 So.2d 1228, 1233-34.

by the claimant in a court of law . . . .").

Here, Dr. McHugh relies on the opinion of the Medical Review Panel to show that he did not breach the applicable standard of care. [Op. of Med. Review Panel, Doc. No. 16-6, p. 7]. In this case, Dr. McHugh's actions were not so obviously careless that a layperson could infer liability. *See* [*Id*. at 3-7]. Therefore, to establish a genuine dispute as to a material fact, Plaintiffs must present expert evidence controverting the Medical Review Panel's opinion. Because Plaintiffs have not presented any such evidence, they have not raised a genuine dispute of material fact as to Dr. McHugh's liability.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiffs' claims against Dr. McHugh and Louisiana Medical Mutual Insurance Company are DISMISSED WITH PREJUDICE. The claims against Clayton and American Casualty Company of Reading, Pennsylvania, remain pending.

MONROE, LOUISIANA, this 11th day of May, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE